IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: JAMES THOMAS CROOKS<br>MARIE MICHELE CROOKS<br><br>Debtor(s)<br><br>Attorney Ph No: (817) 268-1400 | *<br>*<br>*<br>*<br>* | Case No. 04-46540   DATED: August 18, 2005<br>Chapter: 13<br><br><br>Judge: RUSSELL F NELMS |

## FIRST AMENDED
## DEBTOR'S(S') FINAL CHAPTER 13 PLAN AND MOTION FOR VALUATION
### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS

A. **DEBTOR PAYMENTS**  Debtor(s) proposes to PAY TO THE TRUSTEE AS PLAN PAYMENTS the sum of $370.00 per month for 36 months $13,320.00.
FIRST PAYMENT WAS DUE August 19, 2004.

B. ADMINISTRATIVE
   1. **NOTICING FEES:** $.00

   2. **CAR INSURANCE** (To Be Paid by Trustee): NONE

C. **ATTORNEY FEES:** To HIGGINS & ALLMAND, TOTAL: $2,000.00 ; $356.00 PRE-PETITION; $1,644.00 THROUGH TRUSTEE. PRE-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE PER THE AUTHORIZATION FOR PRE-CONFIRMATION DISBURSEMENT. POST-CONFIRMATION PAYMENTS WILL BE MADE AFTER EACH SPECIFIED MONTHLY PLAN PAYMENT TO SECURED CREDITORS ('D' AND/OR 'E' BELOW) BUT BEFORE ANY PAYMENT TO PRO RATA SECURED CREDITORS ('D' AND/OR 'E' BELOW) AND BEFORE ANY PAYMENT TO PRIORITY CREDITORS ('H' BELOW) OR UNSECURED CREDITORS ('I' AND 'J' BELOW).

'TERM (APPROXIMATE)' SHOWN BELOW GIVES THE ESTIMATED NUMBER OF MONTHS FROM THE DATE OF CONFIRMATION REQUIRED TO FULLY PAY THE BALANCE OF THE CLAIM AS OF THE DATE OF CONFIRMATION. CALCULATION ASSUMES DEBTOR WILL MAKE ALL PAYMENTS DUE BETWEEN DATE HEREOF AND DATE OF CONFIRMATION. (NOTE: IF PRECONFIRMATION DISBURSEMENTS HAVE BEEN AUTHORIZED AND MADE, THEY WILL BE APPLIED TO PRINCIPAL AS TO UNDER-SECURED CLAIMS AND ALLOCATED BETWEEN INTEREST AND PRINCIPAL AS TO OVER-SECURED CLAIMS IN WHICH EVENT INTEREST WILL BE LIMITED TO THE AMOUNT BY WHICH THE CLAIM IS OVER-SECURED.)

D. **HOME MORTGAGE**

| MORTGAGEE | ARR. AMT | ARR THROUGH | % | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|---|---|
| 1st-JAMES B NUTTER & CO | $1,917.60 | 7/04 | 8.00 | 18 Months ( 1- 18) | PRO-RATA |

Regular payments beginning 08/04 to be paid direct.

E. **SECURED CREDITORS-PAY**

| | COLLATERAL | CLAIM | VALUE | % | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|---|---|---|
| TEXAS EMPLOYEES CREDIT UNION | 99 OLDSMOBILE ALERO | $8,095.60 | $6,300.00 | 5.00 | 15 Months ( 1- 15) | $215.00 |
| CITIFINANCIAL | FURNITURE | $2,836.75 | $1,000.00 | 5.00 | 18 Months ( 1- 18) | PRO-RATA |

F. **SECURED CREDITORS** (Collateral to be Surrendered): NONE

G. **SECURED CREDITORS-DIR.**

| | COLLATERAL | CLAIM | VALUE | TREATMENT |
|---|---|---|---|---|
| JAMES B NUTTER & CO | HOMESTEAD | $111,229.38 | $123,900.00 | PAY DIRECT |
| WELLS FARGO FINANCIAL TEXAS | 95 CHEVROLET PICKUP | $2,029.76 | $6,000.00 | PAY DIRECT |
| TARRANT COUNTY TAX COLLECTOR | HOMESTEAD/04 | $3,106.71 | $123,900.00 | PAY DIRECT |

H. **PRIORITY CREDITORS** :NONE

I. **SPECIAL CLASS:** NONE

J. **UNSECURED CREDITORS**

| UNSECURED CREDITORS | CLAIM | COMMENT | UNSECURED CREDITORS | CLAIM | COMMENT |
|---|---|---|---|---|---|
| ANDERSON FINANCIAL NETWORK | NOT FILED | | ASSET ACCEPTANCE LLC | $83.97 | |
| CAPITAL ONE | $1,006.86 | | CBA COLLECTION BUREAU | NOT FILED | |
| ECAST SETTLEMENT CORP | $502.78 | CHASE MANHATTAN | CITICARDS | NOT FILED | |
| CITIBANK | NOT FILED | | COLLECTION CO OF AMERICA | NOT FILED | MED 1 PINNACLE |
| COLLECTION BUREAU OF AMERI | NOT FILED | | COMCAST | NOT FILED | |
| COMPUTER CREDIT INC | NOT FILED | | COMPUTER CREDIT INC | NOT FILED | |
| CREDIT FIRST NATIONAL | $667.98 | | CREDIT FIRST / FIRESTONE | NOT FILED | |
| DILLARD NATIONAL BANK | $403.19 | | ER SOLUTIONS | NOT FILED | |
| FINANCIAL CORPORATION | NOT FILED | | FINANCIAL CORPORATION | NOT FILED | |

PAGE 1

Case No. 04-46540
Debtor(s): JAMES THOMAS & MARIE MICHELE CROOKS

| | | | | | |
|---|---|---|---|---|---|
| FOLEYS | $375.47 | FILED SECURED/OBJECT | HARRIS METHODIST FT WORTH | NOT FILED | |
| HARRIS METHODIST HEB | NOT FILED | | HARRIS METHODIST HEB | NOT FILED | |
| HARRIS METHODIST HEB | NOT FILED | | HARRIS METHODIST HEB | NOT FILED | |
| HOME DEPOT CREDITOR SERVIC | NOT FILED | | ECAST SETTLEMENT CORP | $1,911.74 | HOUSEHOLD/BEST BUY |
| KOHLS | $496.03 | | MBI | NOT FILED | |
| MBI | NOT FILED | | MERCHANTS & PROF C B | NOT FILED | |
| NCO FINANCIAL SYSTEM | NOT FILED | | NCO FINANCIAL | NOT FILED | |
| PINNACLE ANESTHESIA CONSUL | NOT FILED | | PROVIDIAN PROCESSING SVCS | NOT FILED | |
| RETAILERS NATIONAL BANK | $589.53 | MERVYNS | RETAILERS NATIONAL BANK | $321.42 | MERVYNS |
| RETAILERS NATIONAL BANK | $603.19 | TARGET | SOUTHWESTERN BELL | NOT FILED | |
| T-MOBILE | $58.71 | | VICTORIAS SECRET | NOT FILED | |
| SHERMAN ACQUISITIONS | $8,953.84 | CITIBANK | T-MOBILE | $773.30 | |
| T-MOBILE | $282.00 | | TEXAS EMPLOYEES CREDIT UNI | $1,795.60 | DEFICIENCY |
| CITIFINANCIAL | $1,836.75 | DEFICIENCY | | | |

Estimated Percentage to General Unsecured Claims Including Deficiencies BUT EXCLUDING 'NOT-FILED', 'LATE FILED', AND PENALTY', totaling $,    20,662.36 :    3.00%

K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: NONE

L. MISCELLANEOUS:
   Each secured creditor's lien (including tax liens) will be released after payment through the plan of the creditor's allowed secured claim, with allowed interest, to the extent of the lesser of the amount listed in the claim column or the amount listed in the value column, as shown in Section I, Part "E" above.  Creditor will deliver title with lien released to the Debtor(s) after receiving payment of the amount specified in this paragraph.

## SECTION II
## DEBTOR'S (S') CHAPTER 13 PLAN --- GENERAL PROVISIONS
(revised 03/23/2004)

**A. SUBMISSION OF DISPOSABLE INCOME**

Debtor (s) hereby submits such portion of future earnings or other future income as hereinafter provided to the supervision and control of the Truste as is necessary for the execution of the Plan as hereinafter provided.

Debtor proposes to PAY TO THE TRUSTEE the sums indicated in Section I, part "A" hereof. If applicable, the following cause exists for payment over a period of more than three (3) years: Debtor's (s') disposable income is insufficient to pay what Debtor (s) believes is a meaningful, or the statutorily required, dividend to creditors.

Payment of any claim against the debtor may be made from the property of the estate or property of the Debtor (s), as herein provided.

**B. ADMINISTRATIVE EXPENSES & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES AND CAR INSURANCE**

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105 (a), 503 (b), 1326 (b) (2), and 28 U.S.C. Sec 586 (e) (1) (b). The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586 (e) (B), shall be deducted from each payment Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, part "B" hereof, pursuant to local rule. No Trustee fee wi be collected on Noticing Fees. Additionally, the Trustee is authorized to pay car insurance as indicated in Section I, Part "B" hereof.

**C. ATTORNEY FEES**

Debtor's (s') Attorney Fees totaling the amount indicated in Section I Part "C" shall be paid by the Trustee pursuant to this Plan and the Debtor's (s') Authorization for Pre-confirmation Disbursements.

**D. PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)**

Arrearage on claims secured only by a security interest in the Debtor's (s') principal residence shall be paid by the Trustee in the amount and at the Annual Percentage Rate of interest indicated on Section I, Part "D" herein. To the extent the claim is over secured, interest will be calculated from the date of the Petition, otherwise from the confirmation date. Regular payments will be paid "Direct" by Debtor (s) beginning on the date shown in Section I, Part "D". Such creditors shall retain their liens.

**E. SECURED CLAIMS TO BE PAID BY TRUSTEE**

The claims listed in Section I, Part "E" shall be paid by the Trustee as 'SECURED' to the extent of the lesser of the allowed amount of the claim, as shown, or the VALUE, as shown, of the collateral which will be retained by the Debtor (s). Any amount claimed in excess of the value of the collateral as shown shall automatically be 'split' and treated as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec 506 (a). Such creditors shall retain their liens on the collateral described in Section I, Part "E" and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the claim is fully secured, from the date of the Petition. To the extent a secured claim not provided for is allowed by the Court, Debtor (s) will pay same 'DIRECT' per contract. Each secured claim shall constitute a separate class.

**F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL**

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral as shown, by SURRENDER of the collateral by the Debtor (s) on or before Confirmation. Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec. 506 (a). Each secured claim shall constitute a separate class.

**G. DIRECT PAYMENTS BY DEBTOR(S)**

All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor (s) in accordance with the terms of their agreement, unless otherwise provided in Section I, part L. Each secured claim shall constitute a separate class.

**H. PRIORITY CLAIMS**

All allowed claims entitled to priority under Section 507 (a) of the Bankruptcy Code will be paid in full in deferred installment unless the holder of such claim agrees to a different treatment of such claim. The claims listed in Section I, Part "H" shall be paid by the trustee, in full, as Priority, without intere at the monthly amount indicated, or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the date of filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the plan.

**I. CLASSIFIED UNSECURED CLAIMS**

Classified unsecured claims shall be divided into three classes, and each claim within a particular class shall receive the same treatment as listed in Section I, Part "I".

(1) Class 1 shall be all claims arising out of consumer debts for which any individual is liable with the Debtor (s) by way of co-signature, guarante endorsement, or otherwise. All claims in this class shall be paid in full, including pre-petition interest, along with secured claims as hereinafter specifically scheduled for payment, and if not scheduled for payment, then on a pro rata basis.

(2) Class 2 shall include claims which incur criminal sanctions.

(3) Class 3 shall be all other special class claims as allowed by the Court.

**J. GENERAL UNSECURED CLAIMS TIMELY FILED**

All other claims not otherwise provided for herein above shall be designated general unsecured claims. Payments, if any, to general unsecured claims will be on a pro rata basis. All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that wou be paid on such claims if the estate of the Debtor (s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed classified unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and classified unsecured claims so long as each secured, priority, and classified unsecured creditor is receiving not less than its monthly installment as provided herein. If no monthly amount is so indicated or if the indicated monthly amount is insufficient to fully pay such allowed secured, priority or classified unsecured claim (s), the Trustee shall pay such allowed secured claim (s) pro rata until paid in full and then the Trustee shall pay such allowed priority claim (s) pro rata until paid in full, and then the Trustee shall pay such allowed classified unsecured claim (s) pro rata until paid in full, prior to any other allowed unsecured claims.

General unsecured claims totaling the amount indicated in Section I, shall be paid by the Trustee, a PRO RATA share of the funds remaining after other payments provided herein. This share is estimated to be the approximate percentage indicated in Section I, Part "J".

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As allowed by Section 1322 (b) (7) of the Bankruptcy Code, the Debtor (s) hereby moves to and does hereby reject the executory contracts or

Page 2 of 3

unexpired leases with the creditors so indicated in Section I, Part "K" and does hereby assume the executory contracts or unexpired leases with the creditors indicated in Section I, Part "K".

L. MISCELLANEOUS

The provisions set forth in Section I, Part "L" are miscellaneous provisions not otherwise referred to herein.

M. POST-PETITION CLAIMS

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, Debtor will modify this plan.

N. LATE FILED CLAIMS AND CLAIMS NOT FILED

Late filed unsecured claims on pre-petition debt shall be paid pro rata, after all other timely filed unsecured claims are paid in full. Such payment shall be before any payment on pre-petition non-pecuniary penalties. Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims. Late filed secured claims shall be paid as provided in Section 1 parts "D" & "E" as timely filed secured claims unless objected to.

O. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES

Any unsecured claim for non-pecuniary penalty, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims including late filed claims, shall have been paid in full.

P. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

Q. NUMBER OF PAYMENTS

The months allowed for repayment of claims indicated in Section I, Part A shall be determined to be met when the trustee receives a sum of money equal to the amounts he should have received in the number of months provided for by the Plan, or the Plan as modified.

R. BUSINESS CASE OPERATING REPORTS

Upon Confirmation hereof, business debtors are no longer required to file operating reports with the Trustee. However, a final operating report through the date of confirmation is required if operating reports were previously required. Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

S. TRUSTEE'S LIABILITY FOR DEBTOR'S OPERATION.

The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

T. REVESTING OF PROPERTY IN DEBTOR AND TRUSTEE PAYMENTS UPON CONVERSION OR DISMISSAL

Except as otherwise provided herein, title to the Debtor's (s') property shall revest to the Debtor (s) upon confirmation of the Plan, provided however debtor shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge without consent of the Trustee or order of the Court after notice to the Trusee and all creditors. Upon conversion or dismissal of the case, the Trustee shall disburse all funds on hand in accordance with this Plan.

U. ORDER OF PAYMENT

All claims shown in Section I, Parts "C", "D", "E", "H", and "J" will be paid after all administrative claims shown in Section I, Part "B" and all pre-confirmation principal due has been paid, in the following order from each disbursement, to the extent allowed:

- 1st – Specified monthly dollar amounts to car creditors shown in "E" (Secured – car per month) and specified monthly dollar amounts to other creditors shown in "D" and "E" (Secured – other per month)
- 2nd -- Debtor attorney fees shown in "C"
- 3rd -- Pro-rata among all creditors shown as "pro-rata" in "D" & "E" (Pro-rata home mortgage arrearage and other secured pro-rata)
- 4th – Specified monthly dollar amounts to car creditors shown in "E", then other per month secured creditors shown in "D" and "E", then Debtor Attorney fees until all claims described in "C", "D", and "E" are paid in full. (the first Loop)
- 5th – Specified monthly dollar amounts shown in "H" (Priority - per month)
- 6th – Pro-rata among all creditors shown as "pro-rata" in "H" (Priority - Pro-rata)
- 7th – Specified monthly dollar amounts shown in "I" (Special class per month)
- 8th – Per month priority creditors shown in "H", then pro rata priority creditors shown in "H", then per month special class creditors shown in "I" until paid in full. (the second Loop)
- 9th – Pro-rata among all creditors shown as "pro-rata" in "I" (Special class pro-rata)
- 10th – Pro-rata among all claims shown as "pro-rata" in "J" other than "Late Filed" or "Penalty" (General unsecured, timely filed pro-rata)
- 11th – Pro-rata among all claims shown as "Taxes Late Filed". (Late filed priority tax claims)
- 12th -- Pro-rata among all "Late Filed" claims other than "Penalty" in "J" (Late filed general unsecured)
- 13th – Pro-rata among all claims shown as "Penalty" in "J" (Penalty claims)

SECTION III
MOTION FOR VALUATION

Debtor (s) hereby moves the Court, pursuant to Bankruptcy Rule 3012, to value for purposes of 11 U.S.C. Sec 506 (a) and for purposes of determination, of the amounts to be distributed to holders of secured claims who do not accept the Plan, the collateral described in Section I, Part "E" and Part "F", as the LESSER of the value set forth therein, less the total adequate protection payments made to the respective creditor by the Trustee, or the amount claimed on the proof of claim, less the total adequate protection payments made to the respective creditor by the Trustee. Any objection to such valuation shall be filed at least five (5) business days prior to confirmation, or be deemed waived.

Respectfully submitted _____

Debtor (s) or Debtor's (s') Attorney

State Bar Number 24041319

Case No.: 04 46540

Debtor's Name: James & Marie Crooks

Page 3 of 3

HIGGINS & ALLMAND  
800 FOREST OAKS LN STE C  
HURST TX 76053

(817) 268-1400

DATE: August 18, 2005

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
FORT WORTH DIVISION

IN RE:  
JAMES THOMAS & MARIE MICHELE CROOKS

DEBTOR(S),

CASE NO: 04-46540-RFN-13

JUDGE RUSSELL F NELMS

## FIRST AMENDED
## DEBTOR'S OBJECTION TO CLAIMS

Debtor(s) hereby object to the following claims, for the reason(s) indicated, pursuant to Bankruptcy Rule 3007:

### SECTION I.

### NO PROOF OF CLAIM FILED

The following creditors were scheduled by the Debtor(s). No Proof of Claim has been filed by them or on their behalf, as required by Bankruptcy Rule 3002(a). The "bar date" for filing claims pursuant to Bankruptcy Rule 3002(c) has passed. Therefore the claims should be DISALLOWED:

| CREDITOR'S NAME | CLASSIFICATION |
| --- | --- |
| ANDERSON FINANCIAL NETWORK | UNSECURED |
| CBA COLLECTION BUREAU | UNSECURED |
| CITICARDS | UNSECURED |
| CITIBANK | UNSECURED |
| COLLECTION CO OF AMERICA | UNSECURED |
| COLLECTION BUREAU OF AMERICA | UNSECURED |
| COMCAST | UNSECURED |
| COMPUTER CREDIT INC | UNSECURED |
| COMPUTER CREDIT INC | UNSECURED |
| CREDIT FIRST / FIRESTONE | UNSECURED |
| ER SOLUTIONS | UNSECURED |
| FINANCIAL CORPORATION | UNSECURED |

Case No. 04-46540                                                                                           Page No.    2
Debtor(s): JAMES THOMAS & MARIE MICHELE CROOKS

| CREDITOR'S NAME | CLASSIFICATION |
|---|---|
| FINANCIAL CORPORATION | UNSECURED |
| HARRIS METHODIST FT WORTH | UNSECURED |
| HARRIS METHODIST HEB | UNSECURED |
| HARRIS METHODIST HEB | UNSECURED |
| HARRIS METHODIST HEB | UNSECURED |
| HARRIS METHODIST HEB | UNSECURED |
| HOME DEPOT CREDITOR SERVICES | UNSECURED |
| MBI | UNSECURED |
| MBI | UNSECURED |
| MERCHANTS & PROF C B | UNSECURED |
| NCO FINANCIAL SYSTEM | UNSECURED |
| NCO FINANCIAL | UNSECURED |
| PINNACLE ANESTHESIA CONSULTANT | UNSECURED |
| PROVIDIAN PROCESSING SVCS | UNSECURED |
| SOUTHWESTERN BELL | UNSECURED |
| VICTORIAS SECRET | UNSECURED |

## SECTION II.

### SPECIFIC OBJECTIONS

Debtor(s) hereby object to the following claims for the reason(s) indicated in Column 7. The claims should be ALLOWED/DISALLOWED as indicated in Column 4 for the amount and class indicated in Columns 5 and 6 respectively:

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| CREDITOR NAME | CLASS AS FILED | CLAIM AMOUNT | ALLOW/DISALLOW | AMOUNT | CLASS (S,P,U) | REASON(S) (SEE CODE BELOW) |
| FOLEYS | S | $ 375.47 | DISALLOW | $ 375.47 | S | 5-4 |
|  |  |  | ALLOW | $ 375.47 | U | 5-4 |

Case No. 04-46540                                                                    Page No.    3
Debtor(s): JAMES THOMAS & MARIE MICHELE CROOKS

Go to the next page for the code for the "Reason(s)" for claim objection:

## CODE: "REASON(S)" FOR CLAIM OBJECTION

**S-1:** Claimant filed a "Secured" Proof of Claim. The claim exceeds the value of the collateral as reflected on Debtor's Preliminary Plan. The claim should be ALLOWED as "Secured" only to the extent of such value, and "Unsecured" for the balance.

**S-2:** Claimant filed a "Secured" Proof of Claim. The claim does not reflect all credits and set-offs that are due. The claim should be DISALLOWED to the extent credits and set-offs that are due have not been applied, and ALLOWED as "Secured for the balance".

**S-3:** Claimant filed a "Secured" Proof of Claim but did not attach sufficient and/or legible documents to evidence a perfected lien or security interest in property of this Debtor's estate as required by Bankruptcy Rule 3001(d). Alternatively, claimant failed to serve on Debtor's attorney a copy of the Proof of Claim with all the attachments, as required by paragraph 7 of General Order 98-4. The claim should be ALLOWED as "Unsecured" only.

**S-4:** Claimant filed a "Secured" Proof of Claim, but claimant's lien or security interest is avoidable pursuant to 11 U.S.C. 522F. The claim should be ALLOWED as "Unsecured" only.

**S-5:** Claimant filed a "Secured" Proof of Claim. However, Debtor did not own or possess on the date the bankruptcy petition was filed herein, any of the property against which claimant asserts a lien or security interest, i.e., the claim is not secured by any property of the Debtor's estate. The claim should be ALLOWED as "Unsecured" only.

**S-6:** Claimant filed a "Secured" Proof of Claim. The claim includes interest, fees, or other charges which are unreasonable and/or unauthorized by law or the agreement between the parties. The claim should be DISALLOWED to the extent unreasonable or unauthorized.

**P-1:** Claimant filed a "Priority" Proof of Claim. However, the claim is not entitled to any priority under 11 U.S.C. 507. The claim should be ALLOWED as "Unsecured" only.

**P-2:** Claimant filed a "Priority" Proof of Claim for an amount greater than specified by 11 U.S.C. 507. The claim should be ALLOWED AS "Priority" only to the extent specified by 11 U.S.C. 507 and AS "Unsecured" for the balance.

**IRS-1:** Claimant is the Internal Revenue Service. The amount of IRS's Secured claim has been overstated because the Debtor's equity in assets secured by a Federal Tax Lien is $_____, per the schedules mailed by the undersigned to IRS, 1100 Commerce St., Dallas, TX 75242-1198, Mail Code 5029 DAL, on or before the date hereof. The claim should be ALLOWED as "Secured" only to the extent of said equity, "Priority" for any excess amount entitled thereto under 11 U.S.C. 507, and "Unsecured" only for any balance.

**IRS-2:** Claimant is the Internal Revenue Service. The claim for liability for _____ tax period(s) is/are more than three years old and are not entitled to "Priority". The claim should be ALLOWED as "General Unsecured" only.

**IRS-3:** Claimant is the Internal Revenue Service. The Proof of Claim is based on an "estimated" liability for _____ tax period(s) and is/are incorrect. A copy of Debtor's return for the tax period(s), or an affidavit stating the Debtor was not liable to file, has been mailed by the undersigned to IRS, 1100 Commerce St., Dallas, TX 75242-1198, Mail Code 5029 DAL, on or before date hereof. The claim should be ALLOWED as "Priority" only for the amount shown on such return(s), $_____, and the balance DISALLOWED.

**O-1:** "Late Filed", after claims Bar Date provided by Bankruptcy Rule 3002(c) and Bankruptcy Code Section 502(b)(9).

**O-2:** Other: _____

_____: (Check here if additional "Other" objections appear on reverse side hereof and/or additional pages.)

CASE NO. 04-46540-RFN

DEBTOR'S NAME: JAMES THOMAS & MARIE MICHELE CROOKS

Respectfully submitted,

HIGGINS & ALLMAND
24041319
State Bar Number