

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed March 31, 2006                             United States Bankruptcy Judge

```
             IN THE UNITED STATES BANKRUPTCY COURT
                  NORTHERN DISRICT OF TEXAS
                     FORT WORTH DIVISION
IN RE:
  JAMES THOMAS CROOKS AND
  MARIE MICHELE CROOKS                    CASE NO.: 04-46540-RFN-13
  210 WOODDALE ST
  EULESS TX  76039
```

---

**ORDER CONFIRMING FINAL CHAPTER 13 PLAN, VALUING COLLATERAL;
AND ALLOWING DEBTOR'S ATTORNEY'S FEES**

---

It having been determined after at least twenty-five (25) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled, resolved or withdrawn:

That the Debtor'(s') Final Chapter 13 Plan ("Plan") complies with Chapter 13 and all applicable provisions of Title 11, United States Code;

That any fee, charge, or amount required under Chapter 13 of Title 28, United States Code, or by the Plan, to be paid before Confirmation, has been paid;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) were liquidated under Chapter 7 of Title 11, United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens, and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims;

If the Claim is not paid during the term (Approximate) shown in Paragraph II.D, E, H and/or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Paragraph II.U of the Plan;

That no objection to Confirmation has been filed by the Trustee or any unsecured creditor, or if so, that the debtor(s) will pay under the Plan, all Debtor's(s) disposable income for at least 3 years;

CASE NO. 04-46540-RFN-13
Debtor(s): JAMES THOMAS CROOKS AND MARIE MICHELE CROOKS

    That Confirmation of the Debtor's(s') Final Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

    That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.

    **IT IS THEREFORE ORDERED** the Debtor's(s') Final Chapter 13 Plan dated 01/05/2006 is confirmed.

    **IT IS FURTHER ORDERED** the Debtor(s) shall pay the following:
The sum of $370.00, per month, commencing on August 19, 2004, for 36 months (not to exceed 60), for a total of $13,320.00.  The plan estimates that allowed unsecured claims will be paid approximately 8.50%.

    **IT IS FURTHER ORDERED**:
For purposes of distribution under the Plan, Section 506 and Section 1325(a)(5) of the Bankruptcy Code, the value of collateral securing any claim herein as set forth in Paragraphs "E", "F", and "G" of Section I of the Debtor's(s') Final Chapter 13 Plan and Motion for Valuation herein confirmed.

    **IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse, and apply to any delinquent payments under the Plan, any Income Tax Refund payable to debtor(s) during the pendency of this case.

    **IT IS FURTHER ORDERED** that the Debtors shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

    **IT IS FURTHER ORDERED** that the Debtor's(s') attorney, HIGGINS & ALLMAND, is allowed a total fee not to exceed $     2,000.00 with $     1,644.00 to be paid through the plan by the Trustee, unless a greater amount is approved by separate order of the Court after hearing on a fee application.

    **IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee is hereby discharged from any liability from the Debtor's(s') operation of business and from any further duty to investigate the business of the debtor or to require further operating reports from Debtor.

# # # End of Order # # #